UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------x
DR. BRIANCE MASCARENHAS,

       Plaintiff,                              **COMPLAINT**

-against-

RUTGERS, THE STATE UNIVERSITY,

       Defendant.
-------------------------------------------------x

By and through his counsel, Mary Jo Whateley, Esq. and Michael H. Sussman, plaintiff complains of defendant as follows:

## I. PARTIES

1. Plaintiff Dr. Briance Mascarenhas is a resident of the State of New Jersey and of legal age.

2. Defendant Rutgers, The State University, is a public university organized pursuant to the laws of the State of New Jersey. It may sue and be sued.

## II. JURISDICTION

3. Plaintiff timely filed a charge of disability-based discrimination with the EEOC arising from defendant's denial of promotion to the rank of Professor II. [Exhibit 1]

1

4. The Department of Justice has issued a right to sue letter and plaintiff commences this suit within ninety days of receipt of said letter. [Exhibit 2 is the right to sue letter].

5. This Honorable Court has jurisdiction over this matter pursuant to the Americans with Disabilities Act, 42 U.S.C. sec. 12101, *et seq.*, 28 U.S.C. secs. 1331 and 1343 and 42 U.S.C. section 1988.

### III. FACTUAL ALLEGATIONS

6. Plaintiff is employed as a Professor I at defendant's School of Business in Camden.

7. In 1991, defendant promoted plaintiff to the rank of Professor I with tenure after coming to Rutgers from New York University in 1990.

8. Plaintiff has published extensively as is reflected in his application for promotion to the rank of Professor II [also referred to as "Distinguished Professor"].

9. In 2014-15, following an internal university remand, plaintiff was considered for promotion to the rank of Professor II, defendant's higher professorial rank.

10. At the conclusion of that remand review, the defendant's Promotion Review Committee [hereinafter "PRC"] recommended denial of promotion, rejecting the positive recommendations of plaintiff's department, the Dean and of six of the seven external reviewers who submitted letters opining on plaintiff's qualifications.  These external reviewers were independent, reliable and served in higher ranks than plaintiff in their respective institutions.

11.  As is customary, following the PRC's adverse recommendation, defendant denied plaintiff promotion and his subsequent internal appeal proved fruitless

12.  Plaintiff suffers from progressive visual impairment, due to Pellucid Marginal Degeneration Keratoconus, Corneal Hydrops from the rupture of the Descemet's membrane and Photophobia from Dry Eye Syndrome.

13.  Cumulatively, these conditions have left plaintiff with impaired, diminishing vision, affecting his capacity to read and to engage in scholarship at the same level as earlier in his career and at the same level of others with his level of knowledge and intellectual rigor.

14.  Cumulatively, these conditions have caused a recent decline in plaintiff's scholarly contributions and single authored premier publications due to his need

3

to rely on others for the reading function. These conditions also prompted plaintiff to shift toward making contributions which are less reading-intensive.

15. In recommending against plaintiff's promotion, the PRC was knowledgeable about plaintiff's disability and relied on a recent decline in his scholarly contributions and in his publication of single-authored premier publications, which had been substantially caused by his vision disability.

16. The PRC so acted despite the fact that "recency" and "single-authorship" were not criteria for promotion cited in defendant's own published policies.

17. Moreover, despite the recent decline in single authorships due to the degeneration of his vision, plaintiff still ranked first out of the twenty three Professor IIs in defendant's three business schools in lifetime publication of single-authored articles in premier business journals.

18. Indeed, notwithstanding his disability, plaintiff's achievements and accomplishments fully justified his promotion to Professor II as he met all standards defendant applied to other similarly-situated candidates.

19. In denying him promotion, the PRC invoked further pretextual grounds as follows:

4

a) its report noted that plaintiff had not received "major awards" or "elected honors" indicating the "level of impact" or "international recognition" in his field expected for promotion to the rank of Professor II.

b) however, defendant's Policy on Promotion to Distinguished Professor does not mention "major awards" as a criterion for gaining promotion to this rank; rather, it states, as one relevant criterion, "awards appropriate to the faculty member's field of study".

c) the PRC and defendant University never changed its Policies on Promotions to require or define "major awards" and the Policies do not otherwise provide illustrations of "major awards." The Promotion Policies, without the "major awards" criteria, were posted publically on defendant's website to communicate the evaluation criteria to be followed at the university by faculty and the PRC alike.

d) moreover, during the recent [2010-2015] period, plaintiff did receive more of defendant's highest awards than did any of the other 365 Distinguished Professors employed by Rutgers and any of the more than 2,100 full-time faculty defendant employed; he also received more awards than eleven of twelve of the recent or similarly-situated faculty promoted to the Distinguished Professor rank.

5

e) the PRC also claimed that plaintiff's portfolio does not reflect receipt of "elected honors," but, again, this factor is NOT mentioned in Rutgers' promotion policies which defendant publically posted and used to communicate its criteria for promotion in advance of the evaluation process.

f) nor was this a factor mentioned in the PRC's original report concerning plaintiff's candidacy for Professor II [in 2011-12].

g) the PRC also concluded that plaintiff's "level of impact" was insufficient to justify his promotion to Professor II.

h) yet, the objective evidence, namely the number of citations to his publications, shows that the PRC recommended the promotions of five other similarly-situated faculty members with lower impact measures than plaintiff.

i) likewise, defendant claimed that plaintiff lacked the requisite international recognition to justify promotion to Professor II.

j) yet, comparing plaintiff with the twelve recently promoted faculty members, plaintiff placed first of second on multiple objective markers used to measure national/international reputation and plaintiff had more recognitions than five of them.

20. Apart from understating plaintiff's accomplishments in the above-discussed manner, defendant also omitted reference to plaintiff's distinctive achievements on matters plainly made relevant by university policy for adjudging promotion to this rank.

21. Specifically, the promotion policy mentions refereed journal articles of high quality as the most typical indicator of scholarship.

22. On this criterion, plaintiff exceeded twelve recently promoted, similarly-situated faculty members and ranked second amongst 301 faculty and 23 Professor IIs employed by defendants' three business schools.

23. Likewise, defendant's policies state that to qualify for promotion to the rank of Professor II, a candidate should have a record of high achievement in all professorial roles, *i.e.*, scholarship, teaching and service.

24. Plaintiff had earned the highest presidential university awards in all three professional roles, something none of the twelve recent similarly-situated faculty promoted to the rank of distinguished professor had done.

25. Yet, in its negative report and recommendation, the PRC omitted any mention of these distinctions, though they were clearly relevant to plaintiff's qualifications for promotion.

26. Following the denial of his promotion, plaintiff appealed to the administration-appointed Faculty Appeals Board which sustained the denial of promotion.

27. Denial of promotion has caused plaintiff pecuniary damages, including loss of salary increases and pension benefits, as well as non-pecuniary damages, including, but not limited to, humiliation and mental anguish.

## IV. CAUSE OF ACTION

28. By denying plaintiff promotion on the basis of his known disability and then adducing pretextual grounds to justify that denial, defendant violated the Americans with Disability Act, 42 U.S.C. sec. 12101, *et seq.*

## V. PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and determine all issues within its rightful authority, award plaintiff compensatory damages as permitted by law, order defendant to forthwith promote plaintiff to the rank of Professor II

retroactive to July 2012 with back pay and attendant benefits and enter any other order in the interests of law and/or equity.

Dated: September 1, 2016

*Mary Jo Whateley* (mw 9535)
Mary Jo Whateley, Esq.
Michael H. Sussman

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK
(845)-294-3991

Counsel for Plaintiff